UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY PRUITT | ) |
| Plaintiff, | ) ) Cause No.: |
| v. | ) ) 1:14-cv-1176 SEB-MJD ) |
| RUAN LOGISTICS CORPORATION, E-SCREEN | ) ) ) |
| and | ) ) |
| SUE WARD, LISA ARNOLD-HARVEY, | ) ) ) |
| Defendants. | ) ) |

FILED JUL 15 2014 U.S. CLERK'S OFFICE INDIANAPOLIS, INDIANA

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Gregory Pruitt (hereinafter, "Pruitt") by counsel, files his complaint for damages and injunctive relief suing Defendants, Ruan Logistics Corporation (hereinafter "Ruan"), E-Screen and Sue Ward (hereinafter "Ward"), Lisa Arnold-Harvey ("Harvey")as follows:

### NATURE OF THE ACTION

Pruitt brings this Complaint against Defendants, Ruan and Ward, for their unlawful interference with Pruitt's Family Medical Leave Act rights in violation of the Family Medical Leave Act, *29 U.S.C. §2615 et seq*, Ruan and Ward for their unlawful retaliation for Pruitt having exercised his right to take FMLA leave, Ruan, Ward, and Arnold-Harvey for their violation of his rights under the FMLA, 29 U.S.C. §2615 et seq requiring Pruitt to undergo an unnecessary medical exam with a health care provider that Ruan had contracted on a regular

1

basis. Pruitt also files a claim of discrimination against Ruan and E-Screen for violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 *et seq,* in that Ruan and E-Screen discriminated against Pruitt by having regarded Pruitt as disabled by not allowing him to return to work after being released to return to work by his treating physician.. Ruan also violated Pruitt's rights under the ADA by subjecting Pruitt to an unnecessary medical examination.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 as this matter involves federal questions.

2. Venue is proper in this Court pursuant to 28 U.S.C §1391 in that at all relevant times Pruitt was a resident of this district, Ruan and E-Screeen conduct business within this district, and the unlawful activities giving rise to Pruitt's claims during the relevant time period took place in the District. Defendants Sue Ward and Lisa Arnold-Harvey were at all relevant times employees of Ruan doing business in this district.

3. Pruitt timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under the ADA, on December 16, 2013.

4. The EEOC issued its Notice of Right to Sue pursuant to Pruitt's request.

5. The EEOC issued its Notice of Right to Sue, dated April 22, 2014, which was received by Pruitt on April 24, 2014.

6. Pruitt timely files his complaint within ninety days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff, Gregory Pruitt, is a United States citizen and as at all relevant times residing in the Southern District of Indiana.

8. Defendant Ruan, is a corporation doing business in the Southern District of Indiana.

9. Ruan is a subsidiary of Ruan Transportation Management Systems, Inc. headquartered in Des Moines, Iowa.

10. Defendant E-Screen,, is a corporation doing business in the Southern District of Indiana.

11. Defendants Ward and Arnold-Harvey were at all relevant times employees of Defendant Ruan.

## STATEMENT OF FACTS

12. Pruitt commenced work for Ruan on or about November 25, 2007 as a driver.

13. Throughout his employment, Pruitt met Ruan's legitimate performance expectations.

14. On or about July 5, 2013, Pruitt applied for and was approved for Family Medical Leave Act leave.

15. Ruan did not supply Pruitt with any notification of his expected return date from FMLA leave or the balance of his FMLA hours, or that he would have to submit to a second medical examination to verify his physical fitness to return to work.

16. On or about August 5, 2013, Pruitt returned to his workplace and gave Sue Ward a copy of his doctor's release, releasing him to return to full duty.

17. Sue Ward told Pruitt that it was Ruan's policy that because he had been gone for more than two weeks, he had to have Ruan's own medical people clear him to return to work or words to that effect.

18. Ward instructed Pruitt to sign a medical records release form which she would send to Ruan corporate.

19. At the same time Ward instructed Pruitt to go home until he heard from her or Ruan that he was medically cleared to return to work.

20. Pruitt signed the medical records release form as instructed by Ward.

21. To the best of Pruitt's knowledge and belief, Ward sent the medical release form to Ruan corporate Human Resources department.

22. To the best of Pruitt's knowledge and belief, Ruan obtained Puritt's medical records from his treatment provider, Dr. Hill.

23. Pruitt was notified that Ruan's third party medical examiner, E-Screen, had not cleared him to return to work for at least six months and that he would have to undergo another medical evaluation in six months before being allowed to return to work.

24. No one at E-Screen conducted an in-person physical examination of Pruitt.

25. To the best of Pruitt's knowledge and belief, E-Screen's offices are in Kansas.

26. Neither Ruan nor E-Screen asked Pruitt to undergo another physical or mental examination to determine his fitness to return to work as a driver after his treating physician again confirmed Pruitt was fit to return to work.

27. On or about August 19, 2013, at the request of Ruan and Pruitt, Dr. Miles wrote a letter opining that Pruitt was fit to return to work, that he was no longer a suicidal threat, and that the suicidal gesture was not serious.

28. Despite the letter of explanation from his treating physician, Ruan would not allow Pruitt to return to work.

29. Ruan provided no reason for prohibiting Pruitt from returning to work, other than E-Screen had not cleared him.

30. After being notified that he was not allowed to return to work, Pruitt applied for short term disability benefits.

31. In early September 2013, Pruitt's short term disability application was denied by the insurer because his treating doctor had medically cleared him to return to work on or about August 5, 2013, and without restrictions.

32. Pruitt requested a copy of his medical records from E-Screen, the medical contractor for Ruan, but was denied.

33. Pruitt sought clarification from the state of Indiana Bureau of Motor Vehicles to ascertain the status of his CDL license.

34. Pruitt also underwent a DOT physical examination which included information regarding his recent treatment for depression.

35. He passed the DOT physical examination.

36. The Indiana Bureau of Motor Vehicles informed Pruitt that his CDL license was not suspended and that he was otherwise eligible to drive.

37. After several months of attempting to prove to Ruan that he was fit to drive but being prohibited from returning to work, Pruitt obtained subsequent employment in January 2014.

38. In or around February 2014, Ruan notified Pruitt that he was to undergo another medical examination and provide the results to Ruan and E-Screen.

39. Because Pruitt had obtained other employment by then, he declined Ruan's directive to undergo another needless medical examination.

## COUNT I – FMLA

40. Pruitt incorporates by reference paragraphs 1 – 39 as if fully stated herein.

41. Ruan and its parent company employ more than 50 employees.

42. On or about July 5, 2013, Pruitt applied for leave under the Family Medical Leave Act.

43. Ruan subsequently approved Pruitt's FMLA leave application.

44. However, Ruan did not issue to Pruitt its required Notice of Eligibility and Rights and Responsibilities.

45. Ruan failed to issue to Pruitt a Designation Notice requiring notifying Pruitt that Ruan required a second or third medical opinion or a fitness for duty certificate before returning to work.

46. Defendant Sue Ward, a management official employed by Ruan, told Pruitt he could not return to work without another medical evaluation because it was Ruan's policy to not permit anyone who had been absent from work for more than two weeks to return to work without another medical screening.

47. Defendant Sue Ward unlawfully required Pruitt to sign a medical records release form before returning to work.

48. After signing the medical records release form, Ruan unlawfully obtained medical treatment records from Pruitt's medical treatment provider.

49. After obtaining the medical records, Ruan unlawfully referred the same records to its third-party medical screening contractor, E-Screen.

50. In or around mid-August 2013 E-Screen, without consulting Pruitt's treating doctor and without physically examining Pruitt, disqualified him from returning to his position as driver.

51. Ruan and E-Screen disqualified Pruitt from returning to work for at least six months, and only after he underwent another medical evaluation conducted by an unidentified medical examiner to be determined at the discretion of Ruan.

52. E-Screen conducted the medical screening which disqualified Pruitt from returning to work in mid-August 2013.

53. To the best of Pruitt's knowledge and belief, E-Screen is the exclusive contractor who conducts medical screening for Ruan.

54. To the best of Pruitt's knowledge and belief, Ruan referred his medical records to E-Screen and no one else.

55. To the best of Pruitt's knowledge and belief, E-Screen, and no one else, disqualified him from returning to work as a driver. Ruan adopted E-Screen's disqualification finding.

56. Ruan did not provide to Pruitt any reason it did not believe his doctor's certification that he could return to work without restrictions.

57. Ruan violated the FMLA notice requirements by not notifying Pruitt of his FMLA leave balance hours, not notifying him he would be required to provide a physician's fitness for duty certification before returning to work (which in any event he did provide), and not not notifying him that Ruan would exercise its right to obtain a second opinion.

58. Ruan also violated the FMLA by referring Pruitt's medical records to E-Screen for evaluation as to Pruitt's eligibility to return to work.

59. To the best of Pruitt's knowledge and belief, E-Screen is a medical screening provider which Ruan has a close, regular business relationship.

60. Ruan unlawfully relied on E-Screen's medical opinion that Pruitt should not be allowed to return to work in violation of the FMLA regulations.

61. Defendants Ruan and Sue Ward interfered with Pruitt's FMLA rights by requiring him to undergo an unnecessary and unlawful second medical examination and precluded him from returning to work.

62. Defendant Lisa Arnold-Harvey also interfered with Pruitt's FMLA rights by not permitting him to return to his former position as driver in mid-August 2013 even though he had been medical released by his treating his physician to do so.

## COUNT II – ADAAA

63. Pruitt incorporates by reference paragraphs 1 -62 above as if stated herein.

64. On or about August 5, 2013, Pruitt submitted to Sue Ward a doctor's certification that he could return to work without restrictions.

65. Nevertheless, Ward required Pruitt to undergo a medical examination in the form of submitting his medical records to Ruan's third-party medical screening provider, E-Screen.

66. Ruan, through its employee, Sue Ward, violated Pruitt's rights under the Americans with Disabilities Act Amendment Act by requiring Pruitt to undergo a medical examination which was not justified by business necessity but merely a fulfillment of Ruan's stated policy of requiring all employees to undergo such examination regardless of the medical necessity to do so.

67. Ruan regarded Pruitt as disabled in that it required Pruitt to undergo a medical examination before permitting him to return to work status even though Pruitt's treating physician had cleared him to return to work without restrictions.

68. Ruan prohibited Pruitt from returning to work based on an erroneous and stereotyped view that Pruitt was disabled from driving.

## **RELIEF**

WHEREFORE, Pruitt requests judgment in his favor against Defendant and that the following be awarded:

    a. Back pay plus interest to be determined at trial;

    b. Front pay damages under the FMLA, allocated among all Defendants as the Court sees fit, equal to the difference between Pruitt's current employment and his former employment for a period of five years;

    c. Liquidated damages against Defendants Ruan, E-Screen, Sue Ward, and Lisa Arnold-Harvey allowed by the FMLA to be determined at trial;

    d. Compensatory damages permitted under the ADAAA;

    e. Punitive damages permitted under the ADAAA;

    f. pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law;

    g. the costs of this action including reasonable attorney's fees with interest;

    h. injunctive relief prohibiting Defendants from retaliating against Pruitt in any manner that will affect either his reputation or his prospective employment.

    i. grant such relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and questions so triable.

Respectfully submitted,

_____
Tae Sture, Attorney No. 25120-29
Sture Legal Services LLC
9000 Keystone Crossing, Ste. 660
Indianapolis, IN 46240
Ph: (317) 577-9090
Fax: (317) 577-1102